UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASPER WALLACE, et al.,

    Plaintiffs,

v.                                                    CASE NO: 8:05-cv-979-T-23EAJ

CITY OF TARPON SPRINGS, et al.,

    Defendants.

_____/

**ORDER**

    Jasper, Dexter, and Douglas Wallace, owners of DAJ&B Corporation, d/b/a Johnnies Sports Bar and Grill, (collectively, "the plaintiffs") sue the City of Tarpon Springs ("the City") and Mark LeCouris, Chief of Police, ("LeCouris") (collectively, "the defendants") for violation of civil rights enforceable under 42 U.S.C. § 1983. The plaintiffs allege (Doc. 1) that the defendants, motivated by racial animosity and in conjunction with the Tarpon Springs Police Department ("TSPD"), unfairly targeted the plaintiffs' business for selective and discriminatory enforcement of the law.

    Specifically, the plaintiffs allege (Doc. 1) the City's deliberate delay in acting upon the plaintiffs' initial application for requisite business licenses and permits, in contrast to the City's approval (without delay) of similar applications by non-minority business owners. The plaintiffs further allege the City's racially motivated policy and custom of

harassing the plaintiffs and their patrons with selective and excessive law enforcement activities, which policy and custom ultimately forced the plaintiffs to permanently close their business (Doc. 1).[1]

Pursuant to Rule 56, Federal Rules of Civil Procedure, the plaintiffs move (Doc. 51) for summary judgment, which motion is opposed by the defendants (Doc. 52). A party moving for summary judgment "bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. V. Catrett, 106 S.Ct. 2548, 2553 (1986).

The plaintiffs' motion (Doc. 51) consists largely of unsupported and conclusory allegations, which are little more than perfunctory recitations of the complaint. None of these conclusory statements has been properly authenticated, attached to any supporting affidavit, or otherwise verified. Such unverified statements lack the authentication required by Rule 56(e), Federal Rules of Civil Procedure, and may not be considered in evaluating a motion for summary judgment. First Nat'l Life Ins. Co. v. California Pacific Life Ins. Co., 876 F.2d 877, 881 (11th Cir. 1989); Lugue v. Hercules, Inc., 12 F.Supp 2d 1351, 1355-56 (S.D. Ga. 1997). Similarly, the unsworn statement of

---

[1] The plaintiffs notice (Doc. 12) of voluntary dismissal of Count 2 of the complaint ("Tortious Interference With a Business Relationship") is **APPROVED** and Count 2 of the complaint is **DISMISSED**.

Antonio Hunter (Doc. 1-2) lacks evidentiary value for the purpose of summary judgment. Adickes v. S.H. Kress & Co., 90 S.Ct. 1598, 1609 (1970).

In paragraph 13 of their motion, the plaintiffs purportedly rely on the testimony of Eddie Mullally to establish that LeCouris improperly denied the plaintiffs' initial business applications. However, the record contains no deposition or affidavit of Eddie Mullally, and the plaintiffs fail to attach any such evidence to their motion. Likewise, although paragraph 15(f) of the plaintiffs' motion (Doc. 51) refers to "video evidence" of the plaintiffs' business establishment, neither party has filed a video with the court as evidence in this case. Mere unsworn and conclusory allegations are insufficient to support summary judgment. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

Paragraph 14 of the plaintiffs' motion (Doc. 51) contains only a vague reference to "under oath Deposition testimony incorporated herein which supports the allegation." Likewise, paragraph 15(b) refers only to "Affidavit(s) and Statement(s) attached as Exhibit A to the original complaint and deposition excerpts discussed below" (Doc. 51). Failing to provide any specific citation to evidence in the record, the plaintiffs again fail to meet their burden.

The affidavit of Mark Howard ("Howard") (Doc. 1-2) contains only the speculative conclusion that TSPD's traffic stops of Howard were racially motivated. Summary judgment evidence must consist of more than mere conclusory allegations or legal conclusions. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Further, asked whether he had knowledge of TSPD's traffic stops of other drivers, Howard answered "I

can't say what motivated them to stop whoever" (Doc. 50-23 at 96).  This portion of the plaintiffs' summary judgment motion advances no evidence to support the plaintiffs' claims of racial discrimination.

The affidavit of Noah Driver ("Driver") (Doc. 1-2) contains several allegations of racial discrimination.  However, in deposition by the defendant (Doc. 52-2), Driver categorically denied any knowledge of the affidavit or the events recounted in it.  Indeed, Driver (a black male) testified (Doc. 52-2) that he has never (1) been stopped by the police when entering or leaving the plaintiffs' business, (2) observed police cars parked near the plaintiffs' business, or (3) observed police inside the plaintiffs' business.  The testimony of Noah Driver advances no evidence to support the plaintiffs' claims of racial discrimination.

"The mere existence of a scintilla of evidence in support of the movant's position will be insufficient." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986).  The plaintiffs' motion (Doc. 51) and supporting memorandum are markedly insufficient to warrant summary judgment.  None of the plaintiffs' remaining evidence "is so one-sided that a party must prevail as a matter of law." Anderdon v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986).  At minimum, a successful equal protection claim premised on selective law enforcement requires a plaintiff to prove both discriminatory effect and discriminatory motive. Wayte v. United States, 470 U.S. 598, 608 (1985).  Because the plaintiffs fail to meet their burden of identifying any part of the record that demonstrates

- 4 -

the absence of a genuine issue of material fact, the plaintiffs' motion for summary judgment (Doc. 51) is **DENIED**.

ORDERED in Tampa, Florida, on October 18, 2006.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE