# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JASPER WALLACE, et al.,**

    **Plaintiffs,**

**v.**                                      **Case No.: 8:05-CV-979-T-EAJ**

**CITY OF TARPON SPRINGS, et al.,**

    **Defendants.**

_____/

## **ORDER**

Before the court are **Plaintiffs' Motion for Reconsideration** (Dkt. 65), filed October 29, 2006, and **Defendants' Response** (Dkt. 69), filed November 7, 2006.

Plaintiffs move the court to reconsider its order of October 18, 2006 denying Plaintiffs' motion for summary judgment (Dkt. 60).[1] In denying Plaintiffs' motion, the court discussed that the motion "consist[ed] largely of unsupported and conclusory allegations, which are little more than perfunctory recitations of the complaint. None of these conclusory statements has been properly authenticated, attached to any supporting affidavit, or otherwise verified." (Dkt. 60, at 2). The court stated that Plaintiffs failed to meet their burden of demonstrating the absence of a genuine issue of material fact in that their evidence was not so one-sided as to prove both discriminatory effect and discriminatory motive as required in an equal protection claim premised on selective law enforcement (Id. at 4).

In moving for reconsideration, Plaintiffs argue that they would have included detailed

---

[1] Subsequent to the court's order denying Plaintiffs' motion for summary judgment (Dkt. 60), the parties consented to jurisdiction before the undersigned (Dkt. 61).

recitations from the deposition of Mark LeCouris, but that LeCouris neither read nor signed the deposition prior to the September 25, 2006 dispositive motions deadline. Plaintiffs also allege that the court failed to talk about or cite to certain deposition testimony cited by Plaintiffs in their motion. In response, Defendants argue that Plaintiffs do not meet the standard for reconsideration. Defendants assert that the LeCouris deposition is not "new" evidence because Plaintiffs cited to the deposition in their motion for summary judgment and the court considered it in ruling on the motion. In addition, Defendants argue that the court has no obligation to explicitly address every issue raised by the parties and the fact that the court did not cite to each and every piece of evidence before it does not mean that the court did not consider it.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Sussman v. Salem, Saxon & Nielson, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). A motion for reconsideration "must demonstrate some reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993). The are three major grounds justifying reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice. Id. (citations omitted).

Plaintiffs have not argued an intervening change in controlling law. Plaintiffs contend that the court should reconsider its order denying summary judgment because the LeCouris deposition was not available to them until after the September 25, 2006 dispositive motions deadline. Plaintiffs state that the errata sheet was not faxed to them until October 13, 2006 (Dkt. 65). However, the court's order denying summary judgment was not entered until October 18, 2006 (Dkt. 60).

Plaintiffs filed the LeCouris deposition in support of their response to Defendants' motion for summary judgment on October 15, 2006 (Dkt. 55). Thus, Plaintiffs clearly had access to the LeCouris deposition prior to the court's ruling on Plaintiffs' motion for summary judgment. "The law is clear that evidence which was available to a party during the pendency of a motion for summary judgment may not later be introduced on a motion to reconsider." Prieto v. Storer Commc'ns, Inc., 152 F.R.D. 654, 655 (M.D. Fla. 1994) (citations omitted).

If Plaintiffs did not have evidence available to them at the time they filed their motion but were aware that evidence in support of their motion would become available during its pendency, they "should have notified the Court through a motion, i.e. a motion to stay judgment pending submission of supplemental affidavits, a motion to delay consideration of the motion for summary judgment, or a motion to reopen discovery, to allow Plaintiff[s] to obtain and file the new information with the court. Plaintiff[s] chose to do none of these things." Id. Moreover, Plaintiffs chose to cite to the LeCouris deposition in their motion (See Dkt. 51, ¶ 39) and stated in the motion that the LeCouris deposition would be filed by Plaintiffs' counsel at a later time as the court reporter had only provided a copy to Plaintiffs instead of the original (Id. at ¶ 61). Therefore, the LeCouris deposition was not "new" evidence; Plaintiffs were clearly aware of the evidence at the time they filed the motion for summary judgment and should have moved the court to delay consideration of the motion.

Plaintiffs' other argument in support of reconsideration is that the court's failure to cite or discuss certain deposition testimony in its order means that the court did not consider the evidence. This argument is without merit. The court's order specifically discussed the testimony of Eddie Mullally, Mark Howard, Noah Driver, and Antonio Hunter (Dkt. 60). The court also stated that

"[n]one of the plaintiffs' remaining evidence 'is so one-sided that a party must prevail as a matter of law.'" (Id. at 4). The court's opinion adequately stated the court's findings of fact and conclusions of law and there is no indication that the court overlooked any of Plaintiffs' evidence.

Accordingly, it is **ORDERED** and **ADJUDGED**:

(1)     Plaintiffs' motion for reconsideration (Dkt. 65) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 15th day of December, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge