**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASPER WALLACE, et al.,**

      **Plaintiffs,**

**v.**                                  **Case No.: 8:05-CV-979-T-EAJ**

**CITY OF TARPON SPRINGS, et al.,**

      **Defendants.**

_____/

**<u>ORDER</u>**

      Before the court are **Defendants' Motion to Strike All or Part of Plaintiffs' Response** (Dkt. 64), filed October 23, 2006, and **Plaintiffs' Response in Opposition** (Dkt. 66), filed October 29, 2006.

      The dispositive motions deadline in this case was September 25, 2006. Both Plaintiffs and Defendants filed motions for summary judgment on that day (Dkts. 50, 51). Plaintiffs did not respond to Defendants' motion within the prescribed time period and the district judge issued a show cause order on October 13, 2006 (Dkt. 54), ordering Plaintiffs "to show, by filing a written response on or before October 16, 2006, why the defendants' motion for summary judgment should not be granted." Plaintiffs filed their response to Defendants' motion on October 15, 2006 (Dkt. 55). Plaintiffs did not, however, file any separate written response directed to the show cause order.

      In the instant motion, Defendants request that the court strike all or part of Plaintiffs' response to Defendants' motion for summary judgment. First, Defendants argue that the entire response should be stricken because it was untimely and because the untimeliness was not the result of excusable neglect. Defendants also allege that Plaintiffs' counsel purposely delayed responding

in order to use Defendants' response to Plaintiffs' motion for summary judgment in Plaintiffs' favor. In the alternative, Defendants argue that parts of Plaintiffs' response should be stricken because the evidence Plaintiffs cited is inadmissible.

## I.     Timeliness of Plaintiffs' Response

Defendants argue that Plaintiffs submitted their response almost a full week after its due date and that Plaintiffs failed to move for an extension of time pursuant to Fed. R. Civ. P. 6(b).[1] Plaintiffs' counsel asserts that he had computer problems uploading to the CM/ECF system and requested an extension from defense counsel in an e-mail dated October 11, 2006 (Dkt. 66, Attach. 2 at 2). In an e-mail response dated October 12, 2006, defense counsel stated that they could not consent to an extension of time as to the response unless Plaintiffs' counsel could demonstrate that a final prepared version was ready on Monday, October 9, 2006, the date Plaintiffs' counsel calculated as the due date for the response (Dkt. 64, Attach. 2 at 1).[2]  Plaintiffs' counsel states that he would have filed a motion for enlargement of time but that the district judge's order to show

---

[1] Rule 6(b), Federal Rules of Civil Procedure, provides that the court may enlarge the period of time allowed for a party to act either with or without motion or notice if the request is made before the expiration of the original period of time, or upon motion if the original time period has expired and the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b).

[2] This court's Local Rules provide that a party opposing a motion shall file a response within ten (10) days after service of the motion. Local Rule 3.01(b), M.D. Fla. Federal Rule of Civil Procedure 6 governs the computation of time in determining any period of time prescribed under the Local Rules. See Fed. R. Civ. P. 6(a). The ten (10) days provided by the Local Rules for a response would thus be governed by the third sentence of Fed. R. Civ. P. 6(a), which states, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In addition, Fed. R. Civ. P. 6(e) allows for additional three (3) days when service of a motion is made by electronic means. See Fed. R. Civ. P. 6(e) and 5(b)(2)(D). Applying Rule 6(e), the court calculates that Plaintiffs' response was due on Friday, October 13, 2006. Therefore, Plaintiffs' filing on October 15, 2006 was technically only two (2) days late, not one week late as asserted by Defendants.

cause gave him until October 16, 2006 to file his response.

The court finds that there was no undue delay on Plaintiffs' counsel's part. When counsel experienced computer problems, he requested an extension from defense counsel before filing a motion for extension, as required by the Local Rules. See Local Rule 3.01(g). The affidavit of Plaintiffs' counsel's computer technician, dated October 12, 2006, states that his client tried to upload two computer files to the CM/ECF system on October 10, 2006; the files were created on October 10, 2006 at 1:01 p.m. and October 10, 2006 at 5:53 p.m. While Plaintiffs' counsel may have incorrectly assumed that the court's show cause order of October 13, 2006 granted him an extension until October 16, 2006 to file Plaintiffs' response, the court does not find bad faith or purposeful delay on the part of Plaintiffs' counsel.

In addition, the court finds that there is no prejudice to Defendants because of the late filing of Plaintiffs' response. The interests of justice are best served by the court's consideration of Plaintiffs' response in conjunction with the motion for summary judgment. See Tran v. England, No. 3:05-CV-159/MCR/MD, 2006 WL 2331028, *1 (N.D. Fla. Aug. 9, 2006) (interests of justice best served by court's consideration of defendant's motion for summary judgment where defendant filed a motion for leave to file its summary judgment motion out of time fifteen days after the dispositive motions deadline). Therefore, Defendants' motion to strike Plaintiffs' response in its entirety is denied.

## II.     Admissibility of Certain Evidence Referenced in Plaintiffs' Response

In the alternative, Defendants argue that Plaintiffs' references in their response to the deposition of Eddie Mullally, the affidavit of Noah Driver, and the unsworn statement of Antonio Hunter should be stricken because those three items of evidence are inadmissible and thus cannot

be considered at the summary judgment stage.

A.     Deposition Testimony of Eddie Mullally

Defendants argue that the deposition testimony of Eddie Mullally ("Mullally") is inadmissible and should therefore not be considered by the court in ruling on Defendants' motion for summary judgment.  Defendants allege that Mullally was never referenced in this case through Rule 26 disclosures or in response to any discovery request, and that Mullally's name was first referenced in Plaintiffs' motion for summary judgment (Dkt. 51). Defendants further argue that although defense counsel took Mullally's deposition in another case that Mullally filed against Defendants, racial discrimination was not at issue in that case. Plaintiffs dispute Defendants' arguments. However, Plaintiffs provide no legal authority for why the Mullally deposition is admissible at trial.

At the summary judgment stage, a party may rely on deposition testimony from a separate action where the case involved the same parties and subject matter. Fed. R. Civ. P. 32(a)(4); Beiswenger Enterprises Corp. v. Carletta, 46 F. Supp. 2d 1297, 1299 (M.D. Fla. 1999) (citations omitted). Additionally, "any evidence which is admissible at trial can be used on summary judgment." Id. Therefore, if a deposition is admissible either under Rule 32(a)(4) or the Federal Rules of Evidence, it can be considered on summary judgment. Specifically, courts have stated that Fed. R. Civ. P. 32(a)(4) and Fed. R. Evid. 804(b)(1) should be construed together to resolve the question of a deposition's admissibility.[3] See Clay v. Buzas, 208 F.R.D. 636, 638 (D. Utah 2002).

---

[3] Fed. R. Evid. 804(b)(1) provides that where a declarant is unavailable as a witness, former testimony of that declarant is not excluded by the hearsay rule if:

Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same

First, Defendants argue that the Mullally deposition is not admissible under Rule 32(a)(4) because that deposition was taken in a separate action where racial discrimination was not an issue. Plaintiffs, in response, argue that the same issues were involved in the Mullally case, including police harassment of a bar. The Mullally deposition was taken on October 8, 2004 in connection with <u>Mullally v. City of Tarpon Springs</u>, No. 8:04-CV-915-T-23-MSS (M.D. Fla.). Plaintiffs Edward Mullally and Diane Mullally sued Defendants City of Tarpon Springs, Police Officer Tara Pavlyshin ("Officer Pavlyshin"), and Police Officer Charles Kondek ("Officer Kondek") pursuant to 42 U.S.C. § 1983 for First, Fourth, and Fourteenth Amendment civil rights violations.

The attorneys representing the respective parties in the <u>Mullally</u> case were the same as in the instant case. Defendant City of Tarpon Springs was also a defendant in the <u>Mullally</u> case, although Officer Pavlyshin and Officer Kondek are not parties to the instant action. The plaintiffs in both actions are clearly different. However, courts have found that the requirement that the parties be the same in both actions is not controlling in determining admissibility under Rule 32(a)(4). <u>Clay</u>, 208 F.R.D. at 637 (stating that the requirement that the parties be the same in both actions is not controlling in the Tenth Circuit). The main questions as to the admissibility of a deposition under Rule 32(a)(4) are whether the underlying issues are the same and whether the party opposing the deposition's admission had adequate motive and opportunity to develop the witness' testimony as relevant to the case at hand. <u>See</u> <u>id.</u> at 638.

Rule 32(a)(4)'s requirement that the actions involve the same "subject matter" has been interpreted as meaning "a substantial identity of issues." <u>Id.</u> at 637. The burden of proving that the

───────────────────────

or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

5

deposition testimony is admissible under Rule 32(a)(4) lies with Plaintiffs. See Allgeier v. United States, 909 F.2d 869, 876 (6th Cir. 1990) (citations omitted) (proponent's burden to establish admissibility of deposition testimony pursuant to Rule 32). Plaintiffs merely state that the Mullally case and the instant case both involved the police harassment of a bar (Dkt. 66, ¶ 54); Plaintiffs have failed to point to any evidence that the "substantial identity of the issues" in both cases are the same. The complaint in the Mullally case asserted causes of action for malicious prosecution, false arrest or imprisonment, battery or excessive force seizure, and loss of consortium (Mullally, 8:04-CV-915-T-MSS, Dkt. 1). The instant action is premised on racial discrimination. Plaintiffs' conclusory statement that the same issues are involved in both cases does not persuade the court that the actions involve the same subject matter.

The same questions that are pertinent to whether a deposition is admissible under Fed. R. Civ. P. 32(a)(4) are also pertinent to whether a deposition is admissible under Fed. R. Evid. 804(b)(1); the party against whom the testimony is offered must have had an opportunity and similar motive to develop the testimony of the witness. Plaintiffs are incorrect in their statement that "the use of Ed Mullally's deposition for Summary Judgment purposes has nothing to do with his availability at trial or not" (Dkt. 66, ¶ 55) because "a witness must be unavailable for a deposition to be used at trial except for limited purposes." Id. at 637. Because Plaintiffs state that they expect to call Mullally as a live witness at trial (Dkt. 66, ¶ 56), they have not shown that Mullally is an unavailable witness. The use of Mullally's deposition testimony at trial will therefore likely be limited to impeachment purposes unless Plaintiffs demonstrate that the witness is unavailable.[4] See

---

[4] The court's findings in this order as to the admissibility of the Mullally deposition are solely for summary judgment purposes as based on the record currently before the court; neither party should construe this order as the court ruling on the admissibility of the deposition at trial.

Fed. R. Civ. P. 32(a)(1); Fed. R. Evid. 801(d)(1).

Additionally, Plaintiffs have failed to cite to or offer any evidence that rebuts Defendants' assertion that Mullally was never disclosed as a witness and that Defendants did not have an opportunity and similar motive to develop Mullally's testimony through direct, cross, or redirect examination. Therefore, the court finds that Defendants' motion to strike Plaintiffs' references in their response to the deposition of Eddie Mullally should be granted.

   B.   Affidavit of Noah Driver

Defendants request that the court strike the affidavit of Noah Driver ("Driver"), referenced in Plaintiffs' response, as a sham affidavit. Defendants argue that at Driver's deposition, he had no knowledge as to the contents of his affidavit and was not even certain what his deposition was about (Dkt. 64, at 8). According to Defendants, Driver's deposition answers regarding his affidavit were unambiguously clear that he knew nothing about said affidavit. In response, Plaintiffs argue that any discrepancies between Driver's affidavit and deposition testimony should be resolved by the trier of fact.

Pursuant to Federal Rules of Civil Procedure 56(e), an affidavit must be based upon personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). A "sham" affidavit may be disregarded by the court. Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986) (citation omitted).

In this case, Driver's affidavit was executed on May 14, 2003 and filed in connection with the complaint on May 24, 2005 (Dkt. 1, Attach. 2 at 5). Defendants deposed Driver on February 8, 2006 (Dkt. 52, Attach. 2). During the deposition, defense counsel questioned Driver about the affidavit. Driver admitted that the signature on the affidavit belonged to him, but did not remember

giving information or talking to anyone about the information in the affidavit (Id. at 21). When defense counsel continued to question Driver about the affidavit, Driver stated, in no uncertain terms, that he did not remember either of the two incidents of alleged in the affidavit, signing the affidavit, or why he was being deposed (Id. at 21-23).

It is unnecessary to determine whether Driver executed a sham affidavit because the contents of his affidavit lack probative value and do not set forth any material facts. Given that the affidavit was executed some time prior to Driver's deposition, and that his testimony revealed significant failures of memory, the court finds that the discrepancies between the affidavit and Driver's testimony go to the weight to be accorded this exhibit, rather that its admissibility for summary judgment purposes. Therefore, the motion to strike is denied as to the Driver affidavit.

C.      Unsworn Statement of Antonio Hunter

Finally, Defendants move the court to strike Plaintiffs' references to the unsworn statement of Antonio Hunter ("Hunter"), arguing that an unsworn statement has no evidentiary value. Plaintiffs do not address the Hunter statement in their response.

The Hunter statement is attached as an exhibit to Plaintiffs' complaint (Dkt. 1, Attach. 2 at 6). It is neither sworn nor signed by Hunter. "Unsworn statements 'do not meet the requirements of [Fed. R. Civ. P.] 56(e)' and cannot be considered by a district court in ruling on a summary judgment motion." Carr v. Tatangelo, 338 F.3d 1259, 1273 (11th Cir. 2003). The statement should be stricken because it lacks evidentiary value for summary judgment purposes.

Accordingly, it is **ORDERED** and **ADJUDGED**:

(1)     Defendants' motion to strike all or part of Plaintiffs' response (Dkt. 64) is **GRANTED IN PART**.

8

(2)     All references to the Mullally deposition testimony in Plaintiffs' response to Defendants'
motion for summary judgment are stricken.

(3)     All references to the Hunter statement in Plaintiffs' response to Defendants' motion for
summary judgment are stricken.

(4)     All other relief requested is denied.

        **DONE AND ORDERED** in Tampa, Florida this 12th day of January, 2007.


ELIZABETH A JENKINS
United States Magistrate Judge