UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JASPER WALLACE, et al.,**

    **Plaintiffs,**

**v.**                                                                                           **Case No.: 8:05-CV-979-T-EAJ**

**CITY OF TARPON SPRINGS, et al.,**

    **Defendants.**
_____/

## ORDER

Before the court are **Defendants' Renewed Motion for Attorneys' Fees** (Dkt. 85), **Plaintiffs' Response in Opposition** (Dkt. 88) and **Plaintiffs' Response to Order to Show Cause** (Dkt. 89).

### I.   BACKGROUND

Plaintiffs Jasper Wallace, Douglas Wallace, Dexter Wallace ("the Wallaces"), and DAJ&B Corporation ("the Corporation"), doing business as Johnnie's Sports Bar & Grill ("Johnnie's"), filed a complaint against Defendants City of Tarpon Springs ("the City") and Police Chief Mark LeCouris ("Chief LeCouris"). In Count I of their complaint, Plaintiffs alleged claims against Defendants under 42 U.S.C. § 1983 ("§ 1983") based upon violations of Plaintiffs' constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Count II of the complaint for intentional interference of business relationships was voluntary dismissed on October 18, 2006.[1]

---

[1] On September 14, 2005, Plaintiffs filed a notice of voluntary dismissal of Count II. (Dkt. 12) Claims which are disposed of on a voluntary dismissal basis, without prejudice, do not equate to an adjudication of the case on the merits. Szabo Food Serv. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir.1987). When plaintiff voluntarily dismisses a claim, defendant is not a prevailing

(Dkt. 80)

The parties consented to jurisdiction before the undersigned on October 19, 2006. (Dkt. 19) On January 12, 2007, the court granted Defendant's motion for summary judgment and the Clerk of the Court subsequently entered judgment in favor of Defendants. (Dkts. 73 and 74)

On January 30, 2007, Defendants filed a motion for attorneys' fees. (Dkt. 78) Plaintiff filed a notice of appeal on February 9, 2007. (Dkt. 79)  This court denied Defendants' motion for attorneys' fees without prejudice to refile the motion following the resolution of the appeal. (Dkt. 81) On March 14, 2007, the United States Court of Appeals for the Eleventh Circuit entered a dismissal of the appeal for want of prosecution. (Dkt. 82)

In Defendants' renewed motion, Defendants asserts that they are entitled to recover attorneys' fees under 42 U.S.C. § 1988 because Defendants were the prevailing party and Plaintiffs' suit was frivolous and unreasonable. (Dkt. 85 at 2) Defendants assert that attorneys' fees should be awarded in light of the standard laid out in Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1979), and the factors enumerated in Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).  Defendants state that they incurred $77,919.50 in attorneys' fees; Defendants submit invoices and billing statements detailing each attorney's time spent on specific tasks as of the date of the filing of the motion. (Dkt. 85-2)

On April 17, 2007, the court ordered Plaintiffs to show cause why Defendants' Renewed Motion for Attorneys' Fees should not be granted. (Dkt. 87)

In response to the show cause order, Plaintiffs assert that they failed to respond to

---

party and defendant is not entitled to an award of attorneys' fees. DeShiro v. Branch, 183 F.R.D. 281, 186 (M.D. Fla. 1998).

Defendants' renewed motion for attorneys' fees because they were working on a motion to reinstate their appeal.[2] (Dkt. 89)  Plaintiffs further contend that their suit was not frivolous because Plaintiffs did "establish at least the foundation of a claim that the Defendants stigmatized them, or damaged their reputation, and acted with an ulterior motive."  (Dkt. 88 at 3)   Plaintiffs do not argue that the specific attorneys' fees claimed are unreasonable either as to the amount, number of hours, or hourly rate.

**II.    DISCUSSION**

**A.  Attorneys' Fees Pursuant to  42 U.S.C. § 1988**

A court may award attorneys' fees to a defendant who prevails on a § 1983 claim if the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." Baker v. Alderman, 158 F.3d 516, 525-26 (11th Cir. 1998) (citations omitted).  To determine whether a suit is frivolous, the court must focus on whether "the case is so lacking in arguable merit as to be groundless or without foundation." Cordoba v. Dillard's Inc., 419 F.3d 1169, 1176 (11th Cir. 2005)(quoting Jones v. Tex. Tech Univ., 656 F.2d 1137, 1145 (5th Cir. 1981)).  Findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal has been granted in instances where plaintiffs did not introduce **any** evidence to support their claim.  Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)(citing Sullivan, 773 F.2d at 1189 (remaining citations omitted)(emphasis in original)).  When a plaintiff introduces evidence sufficient to support a claim, a finding of frivolity will not stand.  Id. at 356.  Although determination of frivolity is made on a case-by-case basis, courts have recognized several factors to assist in answering the question: (1)

---

[2] Although Plaintiffs allege that they filed a motion to reinstate their appeal with the Eleventh Circuit, no such motion has been filed. See Docket for Wallace v. City of Tarpon Springs, Appeal No. 07-10627.   Thus, the court will not defer ruling on the motion for attorney's fees.

whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Head, 62 F.3d at 356; Sullivan, 773 F.2d at 1189.

Furthermore, it would undermine the intent of Congress to allow plaintiffs to prosecute frivolous claims without consequences merely because those claims were joined with successful claims that were not frivolous. Quintana v. Jenne, 414 F.3d 1306, 1312 (11th Cir. 2005). Therefore, a defendant may be awarded a portion of attorneys' fees when a frivolous claim is joined with an unsuccessful claim that is not frivolous. Id. at 1311-1312.

After reviewing the record in this case and applying the Sullivan factors, the Court finds that an award of attorneys' fees is warranted. The second and third Sullivan factors are undisputed. Defendants did not offer to settle this case and the court granted the Defendants' Motion for Summary Judgment, thereby dismissing Plaintiffs' case prior to trial. Further, the record shows that Plaintiffs did not establish a prima facie case that Defendants unreasonably delayed the issuance of the conditional use permit. This court held that Plaintiffs failed to exhaust their administrative remedies under state law with regard to the initial denial of the conditional use permit. In addition, the court concluded that Plaintiffs failed to point to any evidence in the record to support the allegation that the denial of the permit was racially motivated. (Dkt. 73 at 8-9)

Likewise, the court concluded that Plaintiffs' claims under the First, Fourth, Fifth and Sixth Amendments failed as a matter of law. In reference to Plaintiffs' claim based upon the First Amendment, the court granted summary judgment because: (1) there was no generalized right to associate in alcohol-purveying establishments with other adults, (2) Plaintiffs raised new allegations of First Amendment violations for the first time in its response, and (3) Plaintiffs failed to produce

any evidence in the record to support the allegations of First Amendment violations. (Dkt. 73 at 10-11) Plaintiffs' Fourth Amendment claim was meritless because Plaintiffs' had no standing to assert such violations with respect to their patrons and Plaintiffs failed to point to evidence in the record to create a genuine issue of material dispute regarding this claim. (Dkt. 73 at 11) As to Plaintiffs' claims based upon violations of the Fifth and Sixth Amendments, the court held that Plaintiffs failed to articulate these violations and there was no evidence that the City instituted any criminal proceedings against Plaintiffs in connection with the activities alleged in the amended complaint. Because there was no triable issues of facts as to the Fifth and Sixth Amendments, the court granted summary judgment on these claims. (Dkt. 73 at 11-12)

However, the Court does not find Plaintiffs' claim under the Fourteenth Amendment that Defendants violated Plaintiffs' and their customers' Fourteenth Amendment rights as frivolous, groundless, or unreasonable. Plaintiffs did set forth detailed allegations and evidence regarding Defendants actions in support of their claims of harassment, intimidation and interference. (Dkt. 73 at 14-20) Moreover, although Defendants denied any racial motivation, the City acknowledged an intentional police presence around Plaintiffs' business. (Dkt. 73 at 14) Indeed, Plaintiffs' Fourteenth Amendment claims were sufficiently articulated to require careful review. See Walker v. Nationsbank of Fla., N.A., 53 F.3d 1548, 1559 (11th Cir. 1995) (a plaintiff's claim should not be considered groundless for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review); Bates v. Islamorada, No. 04-10114-CIV-Moore/Garber, 2007 U.S. Dist. LEXIS 52947 at *22-25 (S.D. Fla. July 23, 2007)(claims were not frivolous because the court engaged in a lengthy and complex analysis to review merits of claims). Accordingly, Defendants are entitled to an award of attorneys' fees attributable to

defending against Plaintiffs' frivolous claims. Thus, the court grants Defendants' motion subject to Defendants preparing an amended fees petition, including an affidavit from Defendants' lead counsel with the requisite time sheets and other documentation addressing the reasonable attorneys' fees incurred in defending claims which the court has determined as frivolous.

**III.   Conclusion**

Upon consideration, it is **ORDERED** that:

(1) that Defendants' motion for attorneys' fees related to Plaintiffs' claims that Defendants unreasonably delayed the issuance of the conditional use permit and Plaintiffs' claims under the First, Fourth, Fifth and Sixth Amendments is **GRANTED** in part and **DENIED** in part;

(2) Within twenty (20) days of this order, Defendants shall file an amended fees petition, including the affidavit of Defendants' lead counsel, with the requisite time sheets and other documentation, addressing the reasonable attorneys' fees and costs[3] incurred in defending frivolous claims as set forth in paragraph one. Within ten (10) days of the date upon which the amended petition is filed, the parties shall confer in a good faith effort to resolve the issues in dispute. Any objections to the fees and expenses there detailed must be filed with this Court within twenty (20) days of the date upon which the amended petition is filed.

**DONE AND ORDERED** in Tampa, Florida on this 6th day of August, 2007.

---

[3] Requested costs shall be separately itemized and totaled.

_____
ELIZABETH A JENKINS
United States Magistrate Judge